**LI HUA LI, Jian Li, Petitioner,**

**v.**

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales, Respondent.**

**No. 04–4711–ag.**

United States Court of Appeals, Second Circuit.

May 19, 2006.

Bruno Joseph Bembi, Hempstead, New York, for Petitioner.

Thomas P. Colantuono, United States Attorney for the District of New Hampshire, Arnold H. Huftalen, Assistant United States Attorney, Concord, New Hampshire, for Respondent.

PRESENT: Hon. WALKER, Chief Judge, Hon. JOSEPH M. McLAUGHLIN, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Li Hua Li and Jian Li, through counsel, petition for review of the BIA's decision affirming Immigration Judge ("IJ") Paul DeFonzo's decision denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005).

■ As to petitioners' asylum claim, for which the IJ assumed petitioners were eligible, the IJ refused to exercise his discretion in petitioners' favor, finding that the discretionary factors weighed against granting asylum. *See Wu Zheng Huang v. I.N.S.,* 436 F.3d 89, 95 (2d Cir.2006). Regardless of the merits of the IJ decision, petitioners never challenged the IJ's discretionary denial of asylum before the BIA. Nothing in petitioners' notice of appeal or brief to the BIA even obliquely mentions the IJ's discretionary decision to deny them asylum. Therefore, we lack jurisdiction to review the IJ's decision. 8 U.S.C. § 1252(d)(1).

■ As to petitioners' withholding and CAT claims, substantial evidence supports the IJ's decisions that the petitioners were not credible. First, the IJ properly drew an adverse inference as to the female petitioner's credibility because, while she claimed she was forced to have an abortion while in China, her medical records in the United States, including records concerning her treatment while pregnant, did not mention this abortion, an obviously relevant fact. The IJ allowed the petitioner to explain the discrepancy and was entitled to reject as implausible the petitioner's explanation that informing the doctor of her previous abortion would have somehow lengthened her appointment. Second, the petitioners' account of when the Chinese authorities compelled the female petitioner to submit to the insertion of an intrauterine device ("IUD") is confusing and contradictory. Finally, the male and female petitioners' accounts of the number of IUD insertions varied substantially, with the male testifying that the wife became pregnant in the United States while the IUD was inserted and the female testifying that she had it removed soon after arriving in the United States. The IJ inquired into the inconsistency, and it was not error to reject petitioners' explanations, where the male offered none and the female offered only the claim that she habitually did not tell her husband of many of the events related to her abortions and IUD insertions, despite those events allegedly being the reason the two fled China.

For the foregoing reasons, the petition for review is DENIED. Any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).